UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL KEHERER[1],

                                Plaintiff,

v.                                                    1:06-CV-0929
                                                            (GHL)
COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF PETER M. MARGOLIUS<br>Counsel for Plaintiff<br>7 Howard Street<br>Catskill, New York 12414 | PETER M. MARGOLIUS, ESQ. |
| HON. GLENN T. SUDDABY<br>United States Attorney for the<br>    Northern District of New York<br>Counsel for Defendant<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, New York 13261-7198 | JENNIFER S. ROSA, ESQ.<br>Special Assistant U.S. Attorney<br><br>BARBARA L. SPIVAK, ESQ.<br>Regional Chief Counsel, S.S.A. |

GEORGE H. LOWE, United States Magistrate Judge

## MEMORANDUM DECISION AND ORDER[2]

**I.     BACKGROUND**

    **A.     Procedural History**

Plaintiff filed an application for disability insurance benefits and Supplemental Security

---

[1]     All of the documents in the record spell Plaintiff's surname "Kehrer". However, Plaintiff's Complaint (Dkt. No. 1) spells Plaintiff's surname "Keherer". The Court has used the "Keherer" spelling in the caption so that this Order and the Complaint are consistent.

[2]     This matter is before the Court by consent of both parties. (Dkt. No. 10.)

Income on November 6, 2003[3]. (Administrative Transcript ("T") at 67-69, 541-543.)  The applications were denied (T. at 39-44) and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (T. at 45-46).  The hearing was held on November 9, 2004.  (T. at 552-572.)  On February 18, 2005, the ALJ issued a decision finding that Plaintiff was not disabled.  (T. at 18-26.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 26, 2006. (T. at 5-8.)  Plaintiff commenced this action on August 1, 2006. (Dkt. No. 1.)

### B. The Contentions

Plaintiff contends that the ALJ erred by rejecting Plaintiff's testimony that he must rest for an hour every day during the workday.  (Dkt. No. 7 at 1-4.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus should be affirmed.  (Dkt. No. 8.)

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A) (2004).  In addition, the plaintiff's

---

[3] Plaintiff previously applied for disability insurance benefits and SSI on September 12, 2002. (T. at 64-66, 537-540)(pages 64-66 are missing from the record, but the index indicates that Plaintiff's application appears on those pages).  Plaintiff's claims were denied at the initial level on December 3, 2002.  (T. at 33-38.)  Plaintiff did not appeal the decision.  (T. at 116.)

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920 (2007). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

B.  **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Serrano v. Barnhart*, 2003 WL 22683342, at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a scintilla" of evidence scattered throughout the administrative record.  *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### III.   THE PLAINTIFF

Plaintiff was born on August 12, 1954. (T. at 67.)  He attended almost  one full year of college.  (T. at 124, 556.)  Plaintiff has worked in construction, as a saw sharpener, as a tire changer (T. at 120.),  in factories and as a dishwasher.  (T. at 557)   Plaintiff alleges disability due to a heart attack, hearing problems, pain in his left knee, arthritis and glaucoma. (T. at 119.)

### IV.   THE ALJ'S DECISION

The ALJ found that Plaintiff (1) meets the disability requirements for a period of disability and disability insurance benefits and was insured for benefits through February 18, 2005; (2) has not engaged in any substantial gainful activity since the alleged onset of disability; (3) suffers from the severe impairments of heart disease, affective disorder, arthritis and left knee pain; (4) does not suffer from any impairments that meet or equal one of the listed impairments;

(5) did not testify credibly regarding his limitations; (6) has the residual functional capacity ("RFC") to perform light work activity; (7) is unable to perform his past relevant work; (8) is capable of making an adjustment to other work; (9) is an individual closely approaching advanced age; (10) does not have transferable skills; (11) has the RFC to perform a significant range of light work; (12) could work as a parking attendant, surveillance system monitor or taxi dispatcher, which are all jobs that exist in significant numbers in the regional economy; and (13) was not under a "disability" as defined in the Social Security Act at any time through February 18, 2005.  (T. at 25.)

## V.   DISCUSSION

Plaintiff argues that the ALJ erred by rejecting Plaintiff's testimony that he must rest for an hour every day during the workday.  (Dkt. No. 7 at 1-4.)

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).  To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record.  20 C.F.R. § 404.1529 (2007); *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998) and SSR 96-7p.  First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms.  SSR 96-7p.  This finding does not

involve a determination as to the intensity, persistence, or functionally limiting effects of the claimant's pain or other symptoms. *Id.* If no impairment is found that could reasonably be expected to produce pain, the claimant's pain cannot be found to affect the claimant's ability to do basic work activities. An individual's statements about his pain are not enough by themselves to establish the existence of a physical or mental impairment, or to establish that the individual is disabled. *Id.*

However, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been established, the second step of the analysis is for the ALJ to evaluate the intensity, persistence, and limiting effects of the pain or symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. *Id.* A claimant's symptoms can sometimes suggest a greater level of severity than can be shown by the objective medical evidence alone. *Id.* When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(c)(3) (2007).

An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence. *Murphy v. Barnhart*, Civ. No. 00-9621, 2003 U.S. Dist.

LEXIS 6988, at *29-*30 (S.D.N.Y. Jan. 21, 2003) (citing *Bischof v. Apfel*, 65 F. Supp. 2d 140, 147 (E.D.N.Y. 1999) and *Bomeisl v. Apfel*, Civ. No. 96-9718, 1998 U.S. Dist. LEXIS 11595, at *19 (S.D.N.Y. July 30, 1998) ("Furthermore, the ALJ has discretion to evaluate a claimant's credibility . . . and such findings are entitled to deference because the ALJ had the opportunity to observe the claimant's testimony and demeanor at the hearing.")).

Plaintiff testified that he must nap for about an hour and a half every afternoon because, no matter what his level of activity, he becomes exhausted. (T. at 563.) The ALJ found that Plaintiff's testimony regarding his limitations was not credible. (T. at 23, 25.) The ALJ noted that Plaintiff:

> completed a *Function Report* dated December 12, 2003. The claimant reported that he is able to care for his personal needs. He is capable of performing cooking, household chores, laundry, shopping and pays the bills. He also takes care of his elderly parents. The claimant reported that he is able to use public transportation and he also drives his parent's car for errands. The claimant added that he reads and watches television. He has no difficulty with understanding, remembering, paying attention and following spoken or written instructions. He stated he has no problems getting along with others.
>
> These activities suggest a limited, but entirely functional, lifestyle. No treating physician has indicated that the claimant is unable to perform sustained work activities because of his arthritis, left knee pain or affective disorder. The claimant remains independent in his activities of daily living, ability to perform his personal hygiene functions and care for his elderly parents. He does not rely on others to assist him with his daily activities. He is able to sit, stand, walk and climb stairs. In short, the claimant's overall activity level is consistent with light work activity.

(T. at 23.)

The ALJ's decision is supported by substantial evidence. Plaintiff himself testified that he could work if he learned "how to type or something like that" (T. at 560) and noted in his

Function Report that he would "like to find a less demanding job". (T. at 141.) There is no indication from any medical source in the record that Plaintiff requires an afternoon rest period. The only limitations noted by medical sources are that Plaintiff cannot lift more than 20 pounds repetitively and should not work at heights due to lightheadedness and dizziness. (T. at 246, 339, 460, 466.) Those limitations are consistent with light work. 20 C.F.R. §§ 404.1567(a), 416.967(a) (2007). The only evidence Plaintiff cites in support of a need for afternoon rest is his own testimony. (Dkt. No. 7 at 4.) The record contains substantial evidence drawing Plaintiff's credibility into question, as Defendant correctly notes (Dkt. No. 8 at 13). Accordingly, the decision should be affirmed.

**WHEREFORE,** it is hereby

**ORDERED** that the decision of the Commissioner of Social Security to deny benefits is **AFFIRMED** and the complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 17, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge